**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000736
02-AUG-2018
11:05 AM**

NO. CAAP-17-0000736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MATTHEW CLEMENT, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 16-1-0008 (CR. NO. 1PC990000376)

ORDER GRANTING MOTION FOR RECONSIDERATION
OF THE JUNE 25, 2018 ORDER DISMISSING
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon consideration of the "[Hawai'i Rules of Penal Procedure (HRPP)] Rule 40 Motion for Reconsideration of Order Dismissing Appeal for Lack of Appellate Jurisdiction in Appeal from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, Filed September 8, 2017" (Motion for Reconsideration), filed on July 9, 2018, by Petitioner-Appellant Matthew Clement (Appellant), we hereby grant Appellant's motion.

The Hawai'i Supreme Court has

on a number of occasions, recognized exceptions to the requirement that notices of appeal be timely filed . . . . Specifically, [the court has] permitted belated appeals under two sets of circumstances, namely, when (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

Grattafiori v. State of Hawai'i, 79 Hawai'i 10, 13-14, 897 P.2d 937, 940-41 (1995) (citing State v. Caraballo, 62 Haw. 309, 315-16, 615 P.2d 91, 96 (1980)).

The facts of this case do not satisfy the first of the Grattafiori exceptions noted above, but, as to the second exception, we observe no practical difference in terms of facilitating or making possible a timely notice of appeal between the case in which notice of entry of judgment was not "ever provided" and the case where notice was not mailed until twenty-eight days after entry and apparently not received by Appellant until thirty-two days after entry. If the absolute failure to provide notice creates an exception to the thirty-day rule in Hawai'i Rules of Appellate Procedure 4(b)(1), then the same exception applies when the notice was not delivered until thirty-two days after-the-fact. See Rosenbloom v. United States, 355 U.S. 80 (1957); State v. Ferreira, 59 Haw. 255, 580 P.2d 63 (1978); State v. Delaney, 56 Haw. 444, 540 P.2d 61 (1975). In either case, it was impractical, if not impossible, for Appellant, a pro se HRPP Rule 40 petitioner in prison, to timely file his notice of appeal. Cf. Reed v. Hawai'i Paroling Authority, No. CAAP-13-0000159, 2013 WL 3957748, *2 (Hawai'i App. Aug. 1, 2013) (holding that the second Grattafiori exception did not apply when court mailed a copy of the order to the petitioner's attorney one day after entry of the order).

Therefore, IT IS HEREBY ORDERED that the Motion for Reconsideration is granted, the order dismissing the appeal is rescinded, and the appeal is reinstated.

DATED: Honolulu, Hawai'i, August 2, 2018.

Presiding Judge

Associate Judge

Associate Judge

2